**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- x

EMIL GREEN (Dec'd 2/23/2002)
RUTH GREEN,
Personal Representative

Plaintiff,

          v.

UNITED STATES OF AMERICA,

Defendant.

------------------------------------------------------- x

08 CV 3154
CM
ECF CASE

(JURY DEMANDED)

**COMPLAINT**

**COUNT I**

1. Plaintiff, Emil Green, died on February 23, 2002, at the age of 84. His wife, Ruth Green, is the Personal Representative of his Estate. Plaintiff's social security number is 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. The personal representative resides at 1035 Fifth Avenue, New York, New York 10028. References to "Plaintiff" herein with respect to events occurring prior to February 23, 2002, refer to Emil Green. References to "Plaintiff" herein with respect to events occurring after February 23, 2002 refer to Ruth Green, as Personal Representative of the Estate of Emil Green.

2. Defendant is the United States of America.

3. This is an action for the recovery of federal gift tax, interest and penalties erroneously or illegally assessed and collected and this court has jurisdiction by reason of 28 U.S.C. § 1346(a)(1).

4. Recovery is sought of federal gift taxes, interest and penalties for the taxable year ended December 31, 1999. On or before April 15, 2000, Plaintiff filed a gift tax return for that year with the Internal Revenue Service Center in Atlanta Georgia, including a payment of $42,459 for gift tax owed. Shortly thereafter, the Internal Revenue Service refunded the full amount of gift tax paid by the Plaintiff, for reasons unknown to the Plaintiff, who was 82 years of age at the time. Upon information and belief, the Internal Revenue Service made no further correspondence or attempts to collect any part of the amount refunded to

Plaintiff prior to February 23, 2004, beyond the period for assessment of any gift tax for 1999.

5. On October 27, 2003, Plaintiff filed an amended gift tax return for 1999 with the Internal Revenue Service Center in Cincinnati, Ohio. The purpose of the amended gift tax return was to pay gift tax and interest on a gift that had not been previously reported on the 1999 return, but which had been discovered after the Decedent's death. The amended return was filed after the expiration of the period of assessment for gift taxes under § 6501(a) of the Internal Revenue Code, inasmuch as it was more than three (3) years after the date that the original gift tax return had been filed. At the time Plaintiff made a payment in the amount of $35,007 – which represented gift tax in the amount of $27,463 and estimated interest of $7,544 for the gift tax had been discovered by the Estate's tax advisor after the Plaintiff's death. In addition, the Plaintiff made voluntary payments with respect to tax years 2000 and 2001 for similar gifts that had not been reported by the Plaintiff during his lifetime. The tax payments for each of those years were ultimately resolved with the Internal Revenue Service on the payment of tax and interest.

6. The amended return for 1999 filed on October 27, 2003 was a voluntary act on the part of the Plaintiff's estate and was not filed in response to any inquiry or notice from the Internal Revenue Service.

7. On December 2, 2003, the Internal Revenue Service refunded the full amount of the payment Plaintiff made on October 23, 2007 with respect to the 1999 tax year, without explanation, with interest in the amount of $96.04 – for a total refund check of $35,103.04. This marked the second time that the Internal Revenue Service refunded a payment that had been made for the 1999 tax year.

8. On February 23, 2004, the Internal Revenue Service adjusted Plaintiff's account and asserted a claim for gift tax in the amount of $42,953, plus statutory interest and penalties. Upon information and belief that adjustment was made with respect to the original gift tax return that had been filed by Plaintiff on or before April 15, 2000, more than three years prior to the Internal Revenue Service's adjustment.

9. On or about March 15, 2004, Plaintiff filed a Claim for Refund and Request for Abatement to the extent that the amount of gift tax being sought by the Internal Revenue Service exceeded $27,463, the amount that had been initially paid by Plaintiff on October 23, 2003 with the amended return, but which had been refunded by the Internal Revenue Service on December 2, 2003.

10. The Internal Revenue Service denied the request for abatement by letter dated November 10, 2004 and the Plaintiff filed an appeal on November 23, 2004.

11. Plaintiff's appeal was denied by the Internal Revenue Service. Part of the basis

for that denial was an entry in the Internal Revenue Service's computer system that the statute of limitations for the 1999 gift tax year had been extended. Plaintiff does not believe that any such extension was actually consented to by the Plaintiff, nor any representative of the Plaintiff and the Internal Revenue Service has not been able to produce any such consent in spite of requests made on behalf of Plaintiff.

12. A lien was filed against Ruth Green's apartment at 1050 Fifth Avenue, New York, New York, for taxes in the amount of $45,467.38, statutory interest of $19,748.30 and penalties of $10,711.06. The existence of the tax lien against Mrs. Green's apartment made it impossible to complete a planned sale of her apartment until the amount asserted by the Internal Revenue Service had been satisfied in full.

13. The full amount of the lien for the 1999 year was paid by certified check dated November 13, 2006, in order to enable a sale of 1050 Fifth Avenue by Ruth Green, the Plaintiff's surviving spouse. The total payment was for $75,908.84.

14. As a result of the Internal Revenue Service's assessment of tax beyond the applicable limitations period, Plaintiff has overpaid gift tax, interest and penalties for the year 1999 in the amount of $75,908.84.

Wherefore, Plaintiff demands judgment in the amount of $75,908.84, plus interest and costs allowed by law, and such other relief as the Court may deemed just, including the award of reasonable litigation costs incurred in this proceeding.

Dated: 3/26, 2008

Mitchell Lapidus
Propp Lubell & Lapidus, LLP
1500 Broadway - 21st Floor
New York, New York 10036
(212) 987-7714
Attorney for Plaintiffs