MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile:  (212) 637-2686
Email:  joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EMIL GREEN (Dec'd 2/23/2002)
RUTH GREEN, Personal Representative,

        Plaintiff,　　　　　　　　　　08 Civ. 3154 (CM) (DFE)
　　　　　　　　　　　　　　　　　　　　ECF Case
   v.
　　　　　　　　　　　　　　　　　　　　**ANSWER**
UNITED STATES OF AMERICA,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant, the United States of America (the "United States"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiff Ruth Green ("plaintiff"), as personal representative of Emil Green ("decedent"), upon information and belief as follows:

        1.    Admits the allegations in paragraph 1 of the complaint, except lacks knowledge or information sufficient to form a belief as to whether plaintiff is the personal representative of decedent's estate, and whether plaintiff resides at 1035 Fifth Avenue, New York, New York 10028.

        2.    Admits the allegations in paragraph 2 of the complaint.

3. Paragraph 3 of the complaint contains plaintiff's characterization of this action, to which no response is required. To the extent a response is required, denies the allegations of paragraph 3 of the complaint.

4. With respect to paragraph 4 of the complaint, admits that plaintiff seeks recovery of federal gift taxes, interest and penalties for the taxable year ended December 31, 1999; admits that on or before April 15, 2000, decedent filed a gift tax return for that year with the Internal Revenue Service ("IRS") Center in Atlanta, Georgia, including a payment of $42,459 for gift tax owed; admits that the IRS refunded the full amount of gift tax paid by decedent and avers that the amount of the refund was $44,320.65; lacks knowledge or information sufficient to form a belief as to whether the refund was for reasons unknown to decedent; admits that decedent was 82 years old at the time; lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4 of the complaint, and avers that the IRS Account Transcript for decedent's estate contains an entry, dated April 14, 2003, reflecting an extension of the assessment statute expiration date to July 15, 2004.

5. With respect to paragraph 5 of the complaint, admits that plaintiff, on behalf of decedent, filed an amended gift tax return for 1999 with the IRS Center in Cincinnati, Ohio; admits that the purpose of the amended gift tax return was to pay gift tax and interest on a gift that had not been previously reported on the 1999 return, but which had been discovered after decedent's death; denies that the amended return was filed after the expiration of the period of

assessment of gift taxes under § 6501(a) of the Internal Revenue Code and avers that the IRS Account Transcript for decedent's estate contains an entry, dated April 14, 2003, reflecting an extension of the assessment statute expiration date to July 15, 2004; admits that plaintiff made a payment in the amount of $35,007—which represented gift tax in the amount of $27,463 and estimated interest of $7,544; and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the complaint.

      6.    Lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the complaint.

      7.    Admits the allegations in paragraph 7 of the complaint, and notes that "October 23, 2007" is a typographical error that should be corrected to read "October 27, 2003."

      8.    Admits the allegations in paragraph 8 of the complaint and avers that the IRS Account Transcript for decedent's estate contains an entry, dated April 14, 2003, reflecting an extension of the assessment statute expiration date to July 15, 2004.

      9.    Admits the allegations in paragraph 9 of the complaint and avers that decedent's Form 843 Claim for Refund and Request for Abatement sought an abatement of all gift taxes assessed with respect to the 1999 tax year to the extent such gift taxes were in excess of $27,463, and an abatement of any penalties for late payment of such gift taxes.

      10.    Admits the allegations in paragraph 10 of the complaint.

11. With respect to paragraph 11 of the complaint, admits that the IRS denied plaintiff's appeal; admits that an entry in the IRS computer system reflects that the statute of limitations for the 1999 gift tax year had been extended; and lacks knowledge or information sufficient to form a belief as to the remaining allegations.

12. With respect to paragraph 12 of the complaint, admits that a lien was filed against plaintiff's apartment at 1050 Fifth Avenue, New York, New York, for taxes in the amount of $45,467.38, statutory interest of $19,748.30 and penalties of $10,711.06; and lacks knowledge or information sufficient to form a belief as to the remaining allegations.

13. With respect to paragraph 13 of the complaint, admits that on or about November 13, 2006, plaintiff paid $75,908.84 in order to discharge the full amount of the lien for the 1999 tax year; and lacks knowledge or information sufficient to form a belief as to the remaining allegations.

14. Denies the allegations in paragraph 14 of the complaint.

### FIRST DEFENSE

15. Pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1), to the extent plaintiff has not timely filed with the IRS a claim for refund of any alleged overpayment of 1999 gift tax, the Court lacks subject matter jurisdiction over this action.

WHEREFORE, the United States prays for judgment dismissing the complaint and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 3, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

By:    s/ Joseph N. Cordaro
JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov